Dear Representative Damico and Mr. Fanning:
You requested an opinion of this office concerning the interpretation of La.R.S. 17:493.1(A)(1)(a), which provides the method for filling new and vacated bus routes by school boards. Specifically, you ask if the Jefferson Parish School Board can adopt a policy granting seniority rights in obtaining school bus routes to drivers based on a driver's total years as an employee with the school board and not on a driver's total years as a school bus operator with the school board. It is the opinion of this office that the Jefferson Parish School Board policy, in order to comply with La.R.S. 17:493.1(A) when assigning new and vacated bus routes, should calculate seniority based on the number of years a tenured bus operator has served as a bus operator for its system.
La.R.S. 17:493.1(A) provides:
 A.(1)(a) Whenever a school bus operator is needed to drive a new route or a route vacated by a previous operator, the school bus operator who is tenured and has acquired the greatest seniority shall be offered the opportunity to and may change from driving his route to the vacant route before another operator is selected.
 (b) If the tenured bus operator with the greatest seniority chooses not to change to the vacant route, the route shall then be offered in order of seniority to a school bus operator who has acquired tenure.
 (c) If no tenured operator chooses to change to the vacant route, the route shall then be offered to a full- time probationary bus operator.
 (d) If no regular bus operator, tenured or probationary, chooses to change to the vacant route, then a substitute bus operator shall be selected for the position from a list of approved substitute school bus operators.
 (2) If a regular bus operator chooses to change routes as provided in this Section, then his vacant route shall be filled using the process described in this Subsection.
La.R.S. 17:493.1(A)(1)(a) requires that a tenured school bus operator with the greatest seniority be offered the opportunity to change his or her route to a new or vacated route prior to any other operator being offered the route. If the tenured bus operator with the greatest seniority declines the route, La.R.S. 17:493.1(A)(1)(b) provides that the route shall be offered in order of seniority of tenured bus operators. The issue posed is whether the seniority referenced in La.R.S.17:493.1(A)(1)(a) and (b) refers to seniority as a school bus operator or seniority as a school board employee, if the employee was previously employed in another capacity prior to becoming a school bus operator. You correctly note that the statute fails to state how seniority upon which the award of the routes is based is to be computed.
In the application of a statute, the meaning of which is unclear, the following statutory rules of construction apply:
La. Civil Code Art. 10 Language susceptible of different meanings
 When the language in the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
 La. Civil Code Art. 12. Ambiguous words
 When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
 La. Civil Code Art. 13. Laws on the same subject matter
 Laws on the same subject matter must be interpreted in reference to each other.
 La.R.S. 1:3. Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The provisions in Title 17 of the Louisiana Revised Statutes governing school bus operators are found in La.R.S. 17:491 through 17:500.2. Among the cited provisions are statutes governing probation and tenure of bus operators and removal of bus operators. Of particular note are certain provisions of La.R.S. 17:493, which provide as follows:
 . . . An additional ground for the removal from office of any permanent school bus operator shall be the abolition, discontinuance, or consolidation of routes, but then only if it is found as a fact, after a hearing by the school board of the parish or city, that it is in the best interests of the school system to abolish, discontinue, or consolidate said route or routes.
* * * *
 D. In the event that one or more school bus operators must be removed due to the abolition, discontinuance, or consolidation of routes, the principle of seniority shall apply, so that the last school bus operator hired to serve within the school system to be affected shall be the first to be removed.
As to removal of a bus operator, the principle of seniority is defined in La.R.S. 17:493(D) as applying to service as a bus operator. Pursuant to La.R.S. 17:493(D), the last school bus operator hired will be the first removed in the event of the abolition, discontinuance, or consolidation of routes. We believe that La.R.S. 17:493 and 17:493.1
must be read in pari materia. The application of seniority as it applies to removal should be consistent with the application of seniority as it applies to route assignments. In interpreting a statute, the provision must be construed in a manner that harmonizes and reconciles it with other provisions. In re First Columbia Life Insurance Co., 724 So.2d 790
(La.App. 1st Cir. 9/29/98). It is therefore the opinion of this office that the Jefferson Parish School Board policy, in order to comply with La.R.S. 17:493.1(A) when assigning new and vacated bus routes, should calculate seniority based on the number of years a tenured bus operator has served as a bus operator for its system.
I hope this opinion has sufficiently answered your inquiry. If I can be of further assistance to you, please let me know.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:__________________________________ Katherine M. Whitney Assistant Attorney General
CCF, Jr.:KMW
DATE RECEIVED: 5-6-04; 5-11-04
DATE RELEASED: May 12, 2004